IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY CORN, on behalf of himself and all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. _____ |
| v. | ) ) | |
| HOME DEPOT INC. | ) ) | CASE NO. 2022-CH-06896 Removed from the Circuit Court |
| Defendant. | ) | of Cook County, Illinois |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant The Home Depot, Inc. ("Home Depot")[1] files this Notice of Removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court:

1. Home Depot has been sued in a civil action entitled *Corn v. Home Depot, Inc.*, Case No. 2022-CH-06896, in the Circuit Court of Cook County, Illinois (the "State Court Action").

2. The Complaint in the State Court Action was filed on July 15, 2022. Home Depot's registered agent was served with a copy of the Complaint on August 1, 2022.

---

[1] Plaintiff's Complaint improperly names Home Depot, Inc. as the defendant. The Home Depot, Inc. is not a retailer and therefore engaged in no transactions with Plaintiff. Home Depot U.S.A., Inc. is a home improvement retailer.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Home Depot has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

## I. HOME DEPOT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Plaintiff served Home Depot with the Complaint on August 1, 2022, as reflected in the service of process papers attached hereto as Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it has been filed within thirty (30) days after Home Depot was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based.

5. As of the date of this removal, no proceedings have occurred in the Circuit Court of Cook County, State of Illinois. Home Depot has not filed a responsive pleading to the Complaint. Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

6. Venue lies in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Northern District of Illinois. The Circuit Court of Cook County, State of Illinois, is located within the Eastern Division of the Northern District of Illinois. Venue is therefore proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of the Complaint are attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Circuit Court of Cook County, State of Illinois.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

9. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the proposed putative class; (2) members of the putative class are citizens of different states than Home Depot; and (3) based upon the allegations in the Complaint, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiff's Proposed Class Consists of More Than 100 Members.

10. In the Complaint, Plaintiff seeks injunctive relief on behalf of a proposed class defined as: "All citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty." Compl. ¶ 40.

11. Plaintiff alleges in his Complaint that he purchased "a power tool and portable air conditioner ('the Products') from Defendant, which cost more than $15 and were subject to a warranty from the Products' manufacturers." Compl. ¶ 8. Plaintiff further alleges that his claims are typical of the putative class. *Id.* ¶ 44.

12. As reflected in the declaration of Ryan Duffy, Home Depot has reviewed its records and determined that it sold more than one thousand units of power tools, which cost more than $15 and were subject to a warranty from the product's manufacturer, to consumers in Illinois from August 2018 to August 2022. Decl. ¶ 6; *see Mydlach v. DaimlerChrysler Corp.,* 226 Ill. 2d 307, 316 (2007) (holding Magnuson-Moss Warranty Act count in "plaintiff's

3

complaint w[as] subject to the four-year statute of limitations found in section 2–725 of the UCC").

13. Plaintiff further alleges in his Complaint that "the Class contains thousands of individuals, at least." Compl. ¶ 43.

14. Thus, according to Plaintiff's allegations, there are more than 100 members of the putative class.

### B. Minimal Diversity Exists.

15. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . .") (emphasis added).

16. Home Depot was, at the time Plaintiff filed his Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, which maintains its principal place of business in Georgia. Home Depot, therefore, is a citizen of Delaware and Georgia. Decl. ¶ 2.

17. According to the allegations of the Complaint, Plaintiff is a citizen of Illinois. Compl. ¶ 8.

18. Because at least one member of the putative class is a citizen of a different state than defendant Home Depot, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

## C. The Amount-in-Controversy Requirement Is Satisfied.

19. This action arises out of Home Depot's sale of warranted products in Illinois exceeding $15. Compl. ¶ 2. Plaintiff alleges that Home Depot violated the Magnuson-Moss Warranty Act "Pre-Sale Availability Rule" by allegedly neglecting to provide Illinois consumers with access to written warranties prior to sale. *Id.* ¶ 5. Plaintiff seeks injunctive and declaratory relief on behalf of all Illinois consumers who bought one or more products that cost over $15 and were subject to a written warranty. *Id.* ¶ 7.

20. Plaintiff further alleges that he "cares about the substance of product warranties, and the terms of a written warranty would impact Plaintiff's purchasing decisions—*i.e.*, one product might be chosen over another if that product had a more expensive warranty." Compl. ¶ 38.

21. Plaintiff further alleges that his claims are typical of the putative class. *Id.* ¶ 44.

22. While Plaintiff has disclaimed a claim for damages in an effort to avoid federal jurisdiction, he cannot make such a disclaimer on behalf of the putative class because no class has been certified. *Standard Fire Ins. Co v. Knowles*, 133 S.Ct. 1345, 1346 (2013) (holding that "precertification," plaintiff "lacked the authority to concede the amount-in-controversy issue for the absent class members."). Accordingly, members of the putative class who "care[] about the substance of product warranties" and make "purchasing decisions" based on those warranties may seek to recover the price that they paid for the products in question. *Id.* at 1349 ("a damages limitation ... cannot have a binding effect on the merits of absent class members' claims unless and until the class is certified") (citations omitted).

23. As reflected in the declaration of Ryan Duffy, Home Depot has reviewed its records and determined that between August 2018 and August 2022, it sold more than $10

5

million of power tools that cost more than $15 and were subject to a warranty from the product's manufacturer, to customers in Illinois.² Decl. ¶ 6. As a result, over $5 million is in controversy in this matter based on potential damages claims by putative class members, which Plaintiff may not disclaim.³ *See Warma v. NBTW, Inc.*, No. 09-CV-144-DRH, 2009 WL 3230023, at *3 (S.D. Ill. Oct. 2, 2009) ("the Court finds the amount in controversy is more likely than not met based upon (a) Defendant's retail sales and (b) the potential punitive damages.").

24. Additionally, attorneys' fees may be included in the amount in controversy for purposes of removal. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them based on contract, statute, or other legal authority.") (quotations and citations omitted). The Magnuson-Moss Warranty Act allows a consumer to recover attorneys' fees. 15 U.S.C. § 2310(d)(2) (a consumer "may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended)"). The median billable rate for an attorney in Illinois in the class action context is approximately $350 to $700 per hour, and class actions typically require a significant amount of attorney hours.⁴ *See In re Cenco Inc. Sec. Litig.*, 519 F. Supp. 322, 326 (N.D. Ill. 1981) ("the work accomplished [for the class] was often time consuming, tedious and complex, requiring the taking of extensive depositions, re-examining of thousands of documents, the preparing of numerous trial witnesses and the drafting of discovery motions."); *Bridgeview Health Care Ctr.,*

---

² Plaintiff additionally alleges that he purchased a portable air conditioner. *See* Compl. ¶ 8. Plaintiff's claims concerning portable air conditioners further increase the amount in controversy above the $5 million threshold.

³ Home Depot reserves any and all defenses to potential damages claims.

⁴ *See* https://burdgelaw.com/wp-content/uploads/2021/11/US-Consumer-Law-Attorney-Fee-Survey-Report-w-Table-of-Cases-091119.pdf at 85.

6

*Ltd. v. Jerryclark*, No. 09 C 5601, 2015 WL 4498741, at *2 (N.D. Ill. July 23, 2015) ("The complexity, length, and expense of the case only underscore this point: Class Counsel have rigorously litigated this case for over five years, navigating the contours of the class certification process, and taking it all the way through trial."). As such, Plaintiff Corn's attorneys' fees further increase the amount in controversy.

25. Based on the relief Plaintiff seeks and the number of class members in the alleged class, the amount in controversy for the alleged class members' claims exceeds $5 million, exclusive of costs and interest, and the amount in controversy requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

26. While Home Depot believes that class certification is not appropriate in this action and that it will prevail on the merits of Plaintiff's claims, Home Depot has a good-faith belief based on Plaintiff's allegations that the amount in controversy in this matter (including, but not limited to, potential class damages and attorneys' fees), exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d). *See Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation . . . The value of that right is measured by the losses that will follow from the statute's enforcement").

### III. CONCLUSION

27. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter

pursuant to 28 U.S.C. § 1332(d).

28. Home Depot will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Circuit Court of Cook County, State of Illinois.

**WHEREFORE**, Home Depot respectfully requests that this action be removed from the Circuit Court of Cook County, State of Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453(b).

Respectfully submitted this 30th day of August 2022.

*/s/ Patrick M. Otlewski*
Patrick M. Otlewski
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 764-6908
potlewski@kslaw.com

*Counsel for Defendant The Home Depot Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August 2022, I caused the foregoing **DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL** to be filed with the Clerk of the Court via the Court's CM/ECF system. I further certify that I caused a copy of the foregoing document to be delivered to the following by overnight delivery:

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
nick@nicklarry.law

This 30th day of August 2022.

*/s/ Patrick M. Otlewski*
Patrick Otlewski