# EXHIBIT A

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 16

CSC

FILED DATE: 8/1/2022 12:00 AM   2022CH06896

FILED
8/1/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH06896
Calendar, 16
18888501

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (03/15/21) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Zachary Corn, individually and on behalf of
all others similarly situated

Plaintiff(s)

v.

The Home Depot, Inc.

Defendant(s)

Case No.  2022CH06896

The Home Depot, Inc.,
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ◉ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE: Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                      **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

● Atty. No.: 64846
○ Pro Se 99500

Name: J. Dominick Larry, Nick Larry Law LLC

Atty. for (if applicable):

Plaintiff

Address: 1720 W Division St

City: Chicago

State: IL   Zip: 60622

Telephone: 773.694.4669

Primary Email: nick@nicklarry.law

Witness date _____
8/1/2022 12:00 AM IRIS Y. MARTINEZ

_____
Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

FILED DATE: 8/1/2022 12:00 AM   2022CH06896

FILED DATE: 8/1/2022 12:00 AM   2022CH06896

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
                ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 11/15/2022 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED
7/15/2022 7:09 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH06896
Calendar, 1
18700114

FILED DATE: 7/15/2022 7:09 PM   2022CH06896

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZACHARY CORN, individually and on
behalf of all others similarly situated,

     *Plaintiff,*

       v.

THE HOME DEPOT, INC.,

     *Defendant.*

Case No. **2022CH06896**

### CLASS ACTION COMPLAINT

Plaintiff Zachary Corn, individually and on behalf of all others similarly situated, brings this Class Action Complaint against The Home Depot, Inc. Plaintiff alleges the following based upon personal knowledge as to Plaintiff's own experiences, and as to all other matters upon information and belief, including investigation conducted by Plaintiff's counsel.

### NATURE OF THE CASE

1.    Plaintiff Zachary Corn ("Plaintiff") brings this action seeking injunctive and declaratory relief curtailing unlawful business practices related to consumer warranties for products sold by The Home Depot, Inc. ("Home Depot" or "Defendant").

2.    Under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("Magnuson-Moss," the "Act," or "MMWA"), and its implementing regulations 16 CFR §§ 700.1, *et seq.*, retailers—like Defendant—must provide consumers with access to any written warranty for a product costing more than $15, prior to the point of sale.

3.    The purpose of Magnuson-Moss's "Pre-Sale Availability Rule" is to ensure that consumers could get complete information about warranty terms and conditions. By

1

FILED DATE: 7/15/2022 7:09 PM  2022CH06896

providing consumers with a way of learning what warranty coverage is offered on a product *before* they buy, the Rule gives consumers a way to know what to expect if something goes wrong, and thus helps to increase customer satisfaction. Congress also wanted to ensure that consumers could compare warranty coverage before buying. By comparing, consumers can choose a product with the best combination of price, features, and warranty coverage to meet their individual needs. Thus, the Pre-Sale Availability Rule promotes competition on the basis of warranty coverage. By ensuring that consumers can get warranty information, the Rule encourages sales promotion on the basis of warranty coverage and competition among companies to meet consumer preferences through various levels of warranty coverage.

4.      To comply with Magnuson-Moss's Pre-Sale Availability Rule, a retailer must make the terms of a product's written warranty "readily available for examination by the prospective buyer" by either (1) displaying the warranty "in close proximity" to the product or (2) placing signs around the store in prominent locations alerting the consumer that he or she may inspect product warranties upon request. This obligation extends to any product with a written warranty that costs more than $15. 16 C.F.R. § 702.3.

5.      Despite these obligations under federal law, Defendant does not provide consumers with access to written warranties, prior to sale, in a manner that complies with the Pre-Sale Availability Rule.

6.      Defendant's noncompliance has a self-serving motive: Defendant offers its own "protection plan" or extended warranty to consumers at the point of sale, which provide coverage that is duplicative of the free manufacturer's warranty that already comes with the product. If the consumer is not made aware of this warranty, or is prohibited from

2

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

learning of the warranty's specific terms until after the point of sale, then he or she is more likely to buy Defendant's duplicative "protection plan."

7.      Plaintiff, individually and on behalf of all other similarly situated residents of Illinois, seeks injunctive and declaratory relief against Defendant for its violations of Magnuson-Moss. Specifically, Plaintiff seeks to require Defendant to provide Illinois consumers with pre-sale access to product warranties as required by the Pre-Sale Availability Rule of Magnuson-Moss.

## PARTIES

8.      Plaintiff Zachary Corn is a resident of Cook County, Illinois. On or about May 2022, Plaintiff purchased a power tool and portable air conditioner ("the Products") from Defendant, which cost more than $15 and were subject to a warranty from the Products' manufacturers. In the course of Plaintiff purchasing these Products, Defendant did not make the Products' warranties available to Plaintiff, or alert Plaintiff to the option of reviewing the Products' warranties, prior to the point of sale in a manner compliant with the Pre-Sale Availability Rule.

9.      Defendant The Home Depot, Inc. is a retailer headquartered in Georgia and incorporated in Delaware. Defendant primarily offers consumer goods, including goods over $15 that are subject to manufacturers' warranties.

## JURISDICTION AND VENUE

10.     Substantial acts giving rise to the causes of action asserted herein occurred in this State and within this venue.

11.     This Court has personal jurisdiction over Defendant because it purposefully directs its conduct at Illinois; transacts business in Illinois; has substantial aggregate

3

contacts with Illinois; engaged and is engaging in conduct that has and had a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Illinois; and purposely availed itself of the laws of Illinois.

12.    Defendant's activities in Illinois gave rise to the claims identified herein, both suffered by Plaintiff and by members of the proposed Class. Defendant operates retail stores in Illinois, selling products that are subject to the disclosure requirements of the Pre-Sale Availability Rule, but not complying with the Requirements of the Rule.

13.    Venue is proper in Cook County because Defendant conducts substantial business in Cook County and the conduct giving rise to Plaintiff's claims occurred in Cook County.

## EXCLUSIVE STATE COURT JURISDICTION
## PURSUANT TO 15 U.S.C. § 2310

14.    Exclusive jurisdiction for this Action lies with this Court, pursuant to 15 U.S.C. § 2310.

15.    Magnuson-Moss authorizes injured consumers to bring suit for "legal and equitable relief ... in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A).

16.    However, the Act imposes specific limitations on the exercise of jurisdiction by federal courts, stating that "no claim shall be cognizable" in federal district court "(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." *Id.* § 2310(d)(3)(A)–(C).

4

FILED DATE: 7/15/2022 7:09 PM   2022CH06896

17.     In this Action, Plaintiff solely seeks equitable and declaratory relief individually and on behalf of all members of the Class, in the form of Defendant complying with the Pre-Sale Availability Rule. Thus, neither Plaintiff nor any member of the putative Class asserts an individual claim for damages at all, much less one valued at $25 or greater. Neither of the requirements for federal jurisdiction set forth under § 2310(d)(3)(A) or § 2310(d)(3)(B) is satisfied.

18.     Further, Plaintiff Zachary Corn is the only named plaintiff in this action. Because there are not one hundred named plaintiffs in this action, the requirement for federal jurisdiction set forth under § 2310(d)(3)(C) is not satisfied.

19.     Because none of the requirements for federal jurisdiction are satisfied under § 2310(d)(3), this Court has exclusive jurisdiction over this Action.

## COMMON FACTUAL ALLEGATIONS

I.     **Magnuson-Moss, the Pre-Sale Availability Rule, and Defendant's Non-Compliance**

20.     Magnuson-Moss is a consumer-protection law passed in 1975 to clarify how written warranties may be used when marketing products to consumers.[1] At its most fundamental, a warranty is a promise by the warrantor to stand behind its product. It is a statement about the integrity of the product and a commitment to correct problems if the product fails.[2]

21.     In passing Magnuson-Moss, Congress wanted to encourage sellers to provide written warranties to assure consumers and to foster competition for the best

---

[1]     15 U.S.C. §§ 2301, *et seq.*

[2]     *Businessperson's Guide to Federal Warranty*, Federal Trade Commission, https://www.ftc.gov/business-guidance/resources/businesspersons-guide-federal-warranty-law (last accessed July 8, 2022).

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

products. Although sellers are not required to provide written warranties, many consumers will be skeptical of products that do not have one.

22.    Magnuson-Moss creates multiple consumer protections related to warranties, and most deal with the substance of the warranties, themselves (*i.e.*, what a warrantor must—and must not—include as a term or a representation). But Magnuson-Moss also recognizes the need of consumers to have access to warranties when evaluating whether or not to buy a given product, as the strength of the warranty is a meaningful data point when considering a new purchase. Consumers have a right to choose a product with the best combination of price, features, and warranty coverage to meet their individual needs. As Congressman Moss stated in support of the law:

> One of the most important effects of this bill will be its ability to relieve consumer frustration by promoting understanding and providing meaningful remedies. This bill should also foster intelligent consumer decisions by making warranties understandable. At the same time, warranty competition should be fostered since consumers would be able to judge accurately the content and differences between warranties and competing consumer products.

> Perhaps one of the potentially most important and long range effects of this bill resides in its attempt to assure better product reliability. The bill…attempts to organize the rules of the warranty game in such a fashion to stimulate manufacturers, for competitive reasons, to produce more reliable products. This is accomplished using the rules of the marketplace by giving the consumer enough information and understanding about warranties so as to enable him to look to the warranty duration of a guaranteed product as an indicator of the product reliability.[3]

The Senate report accompanying the introduction of Magnuson-Moss further clarified the need for and purpose of the law:

---

[3]    Federal Register/Vol. 40, No. 251/60168.

FILED DATE: 7/15/2022 7:09 PM  2022CH06896

> When the use of a warranty in conjunction with the sale of a product first became commonplace, it was typically a concept that the contracting parties understood and bargained for, usually at arms length. One could decide whether or not to purchase a product with a warranty and bargain for that warranty accordingly. Since then, the relative bargaining power of those contracting for the purchase of consumer products has changed radically. Today, most consumers have little understanding of the frequently complex legal implications of warranties on consumer products. Typically, a consumer today cannot bargain with consumer product manufacturers or suppliers to obtain a warranty or to adjust the terms of a warranty voluntarily offered. Since almost all consumer products sold today are typically done so with a contract of adhesion, there is no bargaining power over contractual terms. [Magnuson-Moss] attempts to remedy some of the defects resulting from this gross inequality of bargaining power and return the sense of fair play to the warranty field that has been lost through the years as the organizational structure of our society has evolved. The warranty provisions of [Magnuson-Moss] are not only designed to make warranties understandable to consumers, but to redress the ill effects resulting from the imbalance which presently exists in the relative bargaining power of consumers and suppliers of consumer products.[4]

23. Thus, Magnuson-Moss has the "Pre-Sale Availability Rule," which ensures that consumers get complete information about warranty terms and conditions of a given product (of $15 or more), prior to purchase.[5] The Rule places distinct obligations both on warrantors *and* retailers (like Defendant).

24. Most relevant to the instant litigation, pursuant to the Rule, a "seller"[6] of any consumer product costing more than $15 and subject to a written warranty

---

[4] Senate Comm. On Commerce, Report on S. 356, S. Rep. No. 93-151, 93d Cong., 1st Sess. (1973), at 6.

[5] *See* 16 C.F.R. § 702.3.

[6] Defined as "any person who sells or offers for sale for purposes other than resale or use in the ordinary course of the buyer's business any consumer product." 16 C.F.R. § 702.1(e).

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

shall make a text of the warranty readily available for examination by the prospective buyer by:

(1) Displaying it in close proximity to the warranted product (including through electronic or other means…), or

(2) Furnishing it upon request prior to sale (including through electronic or other means…) and placing signs reasonably calculated to elicit the prospective buyer's attention in prominent locations in the store or department advising such prospective buyers of the availability of warranties upon request.[7]

25.     While the Rule allows sellers to display or otherwise provide the text of a warranty "through electronic … means," the FTC has made clear that it is not enough for the seller merely to refer a customer to a product manufacturer's website. In allowing for the electronic presentment of warranty terms,

Congress's intention … was not to disturb prospective purchasers' ability to obtain the full warranty terms at the point of sale, as envisioned by the Pre-Sale Availability Rule. While consumers with electronic devices and Internet connectivity may be able to review warranty terms at the point of sale by visiting the Web site that contains the warranty terms, not all consumers have such devices and Internet connectivity.[8]

26.     Thus, all retailers, including Defendant, are obligated to have a mechanism by which the full terms of a product's written warranty can be viewed by a consumer— without said consumer resorting to his or her own Internet-enabled device—prior to the point of sale.

27.     Defendant fails to satisfy this obligation. Indeed, virtually all of the products—if not every single product—sold in Defendant's stores are presented to the

---

[7]     16 C.F.R. § 702.3(a) ("Duties of seller").
[8]     Federal Register/Vol. 81, No. 179/63666

consumer without any access to the product's warranty, pre-sale. Instead, the first time the consumer is able to view the warranty is upon opening the product's packaging, after purchase.

28.     Defendant does not display product warranties in close proximity to the relevant product; nor does Defendant place signs reasonably calculated to elicit the prospective buyer's attention, in prominent locations in the store or department, advising consumers of the availability of warranties upon request. Indeed, Defendant is unable to provide consumers with copies of warranties upon request, as it does not have said warranties. This is in direct violation of the Pre-Sale Availability Rule. 16 C.F.R. § 702.3(a).

II.     **The Rise of "Add On" Warranties Offered by Retailers Like Defendant**

29.     There is a financial incentive for Defendant's failure to provide consumers with product warranties. Defendant, like many other retailers, makes a significant amount of money by selling consumers "protection plans," or "extended warranties" for their products.

30.     At checkout, Defendant's employees are typically instructed to ask consumers whether they would like to purchase a warranty for their product (often, this prompt occurs automatically at the register upon a particular product's UPC code being scanned).[9]

---

[9]     Beth Braverman, *Why You Should Steer Clear of Extended Warranties*, Consumer Reports (Dec. 22, 2018), https://www.consumerreports.org/extended-warranties/steer-clear-extended-warranties-a3095935951/ ("Two-thirds of in-store electronic shoppers and nearly three-quarters of appliance purchasers say that an associate has pitched one to them.").

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

31.     These plans are big business—according to a recent report, the global extended warranty industry generated $120.79 billion in 2019, and is projected to reach $169.82 billion by 2027, growing at a compound annual growth rate of 7.4% from 2020-2027.[10]

32.     However, these plans are also largely unnecessary, as they provide coverage that is duplicative of the given product's existing warranty, at least for the life of the manufacturer's warranty.[11]

33.     At present, Defendant partners with Allstate to offer protection plans to consumers, and thus is disincentivized from alerting consumers to the warranty that already comes with their product free of charge. This makes Defendant's violation of the Pre-Sale Availability Rule all the more egregious.

### PLAINTIFF'S SPECIFIC ALLEGATIONS

34.     Throughout the last several years, Plaintiff purchased products at one or more of Defendant's stores. During this period, Plaintiff purchased at least one product costing more than $15 that was subject to a manufacturer's warranty.

35.     Two such products were the Products, which Plaintiff purchased from Defendant in May 2022 for more than $15.

36.     In the course of Plaintiff purchasing the Products, Defendant did not display product warranties in close proximity to the Products; nor did Defendant place signs

---

[10]    *Extended Warranty Market to Reach $169.82 Bn, Globally, by 2027 at 7.4% CAGR: Allied Market Research*, Yahoo (Jan. 24, 2022), https://www.yahoo.com/now/extended-warranty-market-reach-169-083000210.html?guccounter=1.
[11]    Braverman, *supra* ("Two-thirds of in-store electronic shoppers and nearly three-quarters of appliance purchasers say that an associate has pitched one to them.").

FILED DATE: 7/15/2022 7:09 PM   2022CH06896

reasonably calculated to elicit Plaintiff's attention, in prominent locations in the store or department, advising Plaintiff of the availability of warranties upon request.

37.     Accordingly, Plaintiff was unable to access any warranty associated with the Products until after the point of sale.

38.     Plaintiff cares about the substance of product warranties, and the terms of a written warranty would impact Plaintiff's purchasing decisions—*i.e.*, one product might be chosen over another if that product had a more expansive warranty.

39.     Further, Plaintiff anticipates buying new products costing over $15 that are subject to manufacturer warranties in the future, and would consider purchasing said products from Defendant, but does not wish to have his rights under Magnuson-Moss thwarted by Defendant's failure to comply with the Pre-Sale Availability Rule.

## CLASS ALLEGATIONS

40.     Plaintiff brings this action on behalf of the following class of similarly situated individuals pursuant to Illinois Code of Civil Procedure 2-801:

> All citizens of Illinois who purchased one or more products
> from Defendant that cost over $15 and that were subject to a
> written warranty.

41.     Plaintiff reserves the right to modify or refine the Class definition based upon discovery of new information or to accommodate any concerns of the Court.

42.     Excluded from the Class are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which any defendant has a controlling interest, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case may be assigned.

FILED DATE: 7/15/2022 7:09 PM  2022CH06896

43.     Upon information and belief, the Class contains thousands of individuals, at least. The Class is therefore so numerous that joinder of all members is impracticable. The precise number of Class members can be determined by reference to Defendant's records.

44.     Plaintiff's claims are typical of the claims of members of the proposed Class because, among other things, Plaintiff and members of the Class sustained similar injuries as a result of Defendant's uniform wrongful conduct and their legal claims arise from the same events and wrongful conduct by Defendant.

45.     Common questions of law and fact will predominate over any individualized inquiries. Those common questions include:

    i.  whether Defendant's acts and practices complained of herein violate Magnuson-Moss; and

    ii. the appropriate injunctive relief to ensure Defendant no longer violates the Pre-Sale Availability Rule.

46.     Absent a class action, most Class members would find their claims prohibitively expensive to bring individually and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and Parties' resources and promotes efficiency and consistency of adjudication.

47.     Plaintiff will adequately represent the Class. Plaintiff has retained counsel experienced in consumer class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class.

12

FILED DATE: 7/15/2022 7:09 PM   2022CH06896

48.     Defendant has acted on grounds generally applicable to Plaintiff and the Class, requiring the Court's imposition of uniform relief, including injunctive and declaratory relief to the Class.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Violation of the Magnuson-Moss Warranty Act,
### 15 U.S.C. §§ 2301, *et seq.*

49.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

50.     Plaintiff and Class members are "consumers" as defined in MMWA, 15 U.S.C. § 2301(3).

51.     Defendant is a "seller" as defined in MMWA, 16 C.F.R. § 702.1(e).

52.     Defendant sells products with warranties that are "written warranties" as defined in MMWA, 15 U.S.C. § 2301(6); 16 C.F.R. § 702.1(c).

53.     Defendant sells "consumer products," as defined in MMWA, 15 U.S.C. § 2301(1); 16 C.F.R. § 702.1(b).

54.     Consistent with, *inter alia*, 16 C.F.R. § 702.3, as a seller of consumer products with written warranties, for all products costing more than $15 Defendant must either display product warranties in close proximity to the relevant product, or else place signs reasonably calculated to elicit the prospective buyer's attention, in prominent locations in the store or department, advising consumers of the availability of warranties upon request. 16 C.F.R. § 702.3(a). In direct violation of Magnuson-Moss's Pre-Sale Availability Rule, Defendant does neither of these things.

13

FILED DATE: 7/15/2022 7:09 PM    2022CH06896

55.     Plaintiff, Class members, and members of the general public have been damaged as a result of Defendant's unfair, unlawful, and fraudulent conduct alleged herein.

56.     Because Plaintiff and the Class members have purchased, would like to, and are likely to purchase products over $15, Plaintiff and Class members are entitled to injunctive relief and corresponding declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a.      Certify this case as a class action, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel to represent the Class;

b.      Find that Defendant's actions, as described herein, constitute violations of Magnuson-Moss;

c.      Entered judgment against Defendant for all injunctive, declaratory, and other equitable relief sought;

d.      Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

e.      Grant such other legal and equitable relief as the Court may deem appropriate.

Dated: July 15, 2022                        **ZACHARY CORN**, individually
                                            and on behalf of all others similarly
                                            situated,

                                            s/ J. Dominick Larry
                                                    Plaintiff's counsel

14

FILED DATE: 7/15/2022 7:09 PM   2022CH06896

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law
Firm ID: 64846

*Attorney for Plaintiff and the Class*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ZACHARY CORN, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

           v.

THE HOME DEPOT, INC.,

    *Defendant.*

Case No. 2022CH06896

Calendar 16

Hon. David B. Atkins

Courtroom 2102

**ORDER**

    This matter coming before the Court on reassignment from Calendar 1, IT IS HEREBY

ORDERED THAT:

1. This matter is set for status on the pleadings on September 27, 2022 at 10:30 a.m.;

2. The September 27, 2022 status hearing shall take place via Zoom videoconference
   using the following credentials:

        Meeting ID:  625 5932 0340

        Password:    209408

ORDERED: **JUDGE DAVID B. ATKINS**

JUL 28 2022

Circuit Court-1879

Hon. David B. Atkins

Prepared by:

J. Dominick Larry
NICK LARRY LAW LLC (Firm ID: 64846)
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
nick@nicklarry.law
*Plaintiff's Counsel*

Email Service List:

*Plaintiff's Counsel*

> J. Dominick Larry
> NICK LARRY LAW LLC
> nick@nicklarry.law
> corn.v.homedepot@projects.filevine.com

*Defendant's Counsel*

> No appearance on file

2

Hearing Date: 7/25/2022 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
7/20/2022 4:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH06896
Calendar, 1
18756929

ZACHARY CORN, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

        v.

THE HOME DEPOT, INC.,

    *Defendant.*

Case No. 2022CH06896

Calendar 1

Hon. Thaddeus L. Wilson

Courtroom 2307

FILED DATE: 7/20/2022 4:49 PM    2022CH06896

### NOTICE OF MOTION TO SUBSTITUTE

**PLEASE TAKE NOTICE** that on the date and time stamped above, Plaintiff Zachary

Corn will appear in the Circuit Court of Cook County, Chancery Division, before the Honorable

Thaddeus L. Wilson, or any judge sitting in his stead, to present his ***Motion to Substitute Judge***

***as of Right***, a copy of which is attached hereto and served upon you. The hearing shall take place

by Zoom, with the following dial-in credentials:

    Meeting URL: https://circuitcourtofcookcounty.zoom.us/j/87687298501

    Meeting ID:   876 8729 8501

    Password:    926987

Dated: July 20, 2022

**ZACHARY CORN**, individually and on
behalf of all others similarly situated,

s/ J. Dominick Larry
Plaintiff's Counsel

J. Dominick Larry
NICK LARRY LAW LLC (Firm ID: 64846)
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
nick@nicklarry.law

*Plaintiff's Counsel*

## IN THE CIRCUIT COURT COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - CHANCERY DIVISION

ZACHARY CORN,

       )
       )
       )
       )

_____     )
Plaintiff/Petitioner       )      NO. ___**2022 CH 06896**___

v.       )

THE HOME DEPOT, INC.,       )
       )
       )

_____     )
Defendant/Respondent       )

### ORDER STRIKING CASE FROM CALL

THIS MATTER appears on the court call on _____**11/15/22**_____ for status.

THE COURT FINDS:

☐ The case was previously dismissed/settled/disposed and is therefore off-call.

☑ The case was transferred/reassigned to another judge or division.

☐ The court date referenced-above was set in error or was previously stricken.

☐ The case was reset for the court date of _____.

☐ The case is off-call pending appeal.

**IT IS HEREBY ORDERED:**

☐ That the court date of _____ is hereby stricken and the parties need not appear.

☑ That the court date of _____**11/15/22**_____ is hereby stricken and the case is off-call.

☐ That the previously set court date of _____ at _____ shall stand and the Clerk shall update the records with the correct date.

ENTERED:

_____  **1976**
Judge              Judge No.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

ZACHARY CORN,

| | | |
|---|---|---|
| | ) | |
| _____, | ) | |
| | ) | |
| **Plaintiff(s),** | ) | Case No. _____2022 CH 06896_____ |
| v. | ) | |
| THE HOME DEPOT, INC., | ) | |
| _____, | ) | |
| | ) | |
| **Defendant(s).** | | |

## ORDER REGARDING SUBSTITUTION OF JUDGE AS OF RIGHT OR RECUSAL

THIS CAUSE being properly before the Court, and the Court being advised in the premises:

[✓] IT IS ORDERED THAT: Pursuant to a Petition for Substitution of Judge as a matter of right timely filed by the [✓]Plaintiff Zachary Corn _____ [ ]Defendant _____
[ ]Other _____, is hereby granted and the above entitled cause is hereby transferred to the Presiding Judge of the Chancery Division for reassignment.

[ ] IT IS ORDERED THAT: The assigned judge recuses himself/herself pursuant to Supreme Court Rule 63(c) and withdraws from further proceedings in this cause, and the above entitled cause is hereby transferred to the Presiding Judge of the Chancery Division for reassignment.

ENTERED:

Dated: _____

_____   1976
Judge                          Judge's No.

## REASSIGNMENT ORDER
## (SUBSTITUTION OF JUDGE AS OF RIGHT OR RECUSAL)

THIS CAUSE having been transferred to the Presiding Judge of the Chancery Division by Judge WILSON _____, Calendar _1_, pursuant to the above order dated 7-25-22 for reassignment pursuant to a [✓] Petition for Substitution of Judge as of Right [ ]Recusal by the judge, which is granted and the Court having randomly reassigned the matter;

IT IS ORDERED THAT: This case is reassigned to Calendar 16, Judge ATKINS for all further proceedings without further notice. Movant shall proceed to obtain a status date from Judge ATKINS 's law clerk within fourteen (14) days. H2102

ENTERED
Judge Sophia H. Hall-0162 ENTERED: _____

Dated: _____
JUL 27 2022

IRIS Y. MARTINEZ Judge Sophia H. Hall
CLERK OF THE CIRCUIT COURT Interim Acting Presiding Judge
OF COOK COUNTY, IL

No. 0162

Attorney No.: _____
Name: _____
Atty. For: _____
Address: _____
City/State/Zip: _____
Telephone: _____

7/27/22

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ZACHARY CORN,

                 Plaintiff,

      v.

THE HOME DEPOT, INC.,

                 Defendant(s

)
)
)
)
)
)
)
)

Case No. __2022 CH 06896__

## ORDER REGARDING SUBSTITUTION OF JUDGE OR RIGHT OR RECUSAL

THIS CAUSE being presented before the Court, and the Court being advised in the premises:

☑ IT IS ORDERED THAT: Pursuant to the Motion to for Substitution of Judge as a matter of right timely filed by the ☑ Plaintiff Zachary Corn ☐ Defendant _____ ☐ Other _____, is hereby granted the above cause and shall be within stay transferred to the Presiding Judge of the Chancery Division for reassignment.

☐ IT IS ORDERED THAT: This case is adjudged because this case for if the Supreme Court Rule 63(c)(2) with drawal for the proceeding. In accordance, have convened is to here hereby transferred to the Presiding Judge of the Chancery Division for reassignment.

**ENTERED**
Judge Thaddeus L. Wilson – 1976

July 25, 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED: _____

Judge _____ Judge No.'s __1976__

## REASSIGNMENT ORDER
## (SUBSTITUTION OF JUDGE OR RIGHT OR RECUSAL)

THIS CAUSE having been transferred the Presiding Judge of the Chancery Division, this Judge _____, Calendar, apt to have ordered that _____ for reassignment pursuant ☐ Petition for Substitution of Judge or Ring or ☐ Recusal stayed by this change in the Court having registered stamped entry

IT IS ORDERED THAT this case is reassigned to Calendar ___ and Judge _____ for all further proceedings. If this judge at date the Move as the top of be to probed as it is not a transfer from Judge _____'s call even if beyond the (ten) days.

**ENTERED**
Judge Sophia H. Hall-0162

JUL 27 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED: _____

Dated: _____

Attorney: _____
Name: _____
Atty For: _____
Address: _____
City/State/Zip: _____
Telephone: _____

Judge Sophia H. Hall, Presiding Judge    No. 0162

7/27/22

FILED
7/18/2022 3:02 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH06896
Calendar, 1
18716020

FILED DATE: 7/18/2022 3:02 PM   2022CH06896

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZACHARY CORN, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

    v.

THE HOME DEPOT, INC.,

    *Defendant.*

Case No. 2022CH06896

Calendar 1

Hon. Thaddeus L. Wilson

Courtroom 2307

## MOTION FOR CLASS CERTIFICATION AND MEMORANDUM IN SUPPORT

Plaintiff Zachary Corn, through counsel, moves this Court for an order certifying this case as a class action under Illinois Code of Civil Procedure Section 2-801. Plaintiff requests that the Court enter and continue the motion until after discovery relating to class certification, at which time Plaintiff will submit a more detailed supporting memorandum of points and authorities.[1]

### INTRODUCTION

The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 (the "Act"), requires retailers to provide consumers with access to any written warranty for a product costing more than $15, prior to the point of sale. Defendant fails to do so. Accordingly, Plaintiff sued, seeking injunctive and declaratory relief, attorneys' fees, and costs as authorized by the Act.

---

[1] Plaintiff files this motion before discovery to prevent Defendant from attempting to moot Plaintiffs' representative claims by tendering Plaintiff full relief while leaving the proposed Class without relief and subject to further and ongoing harm. *See Joiner v. SVM Mgmt.*, 2020 IL 124671, ¶ 58 (holding "that an effective tender made before a named plaintiff purporting to represent a class files a class-certification motion satisfies the named plaintiff's individual claim and moots her interest in the litigation.").

Plaintiff's claims should be certified on behalf of the class proposed below. Defendant acted uniformly toward the class: it sold products to the Class Members without making its warranty available at the point of sale, in violation of Magnuson-Moss. *See* Compl. ¶¶ 36–37. Those facts, which will be proven in discovery, will establish Defendant's liability to Plaintiff and each proposed Class member. With such uniformity, certification is proper under Section 2-801.

Accordingly, Plaintiff seeks to certify a class of "All citizens of Illinois who purchased one or more products from Defendant that cost over $15 and that were subject to a written warranty."

## FACTS

Defendant is a national home-improvement retailer. Compl. ¶ 9. In May 2022, Plaintiff purchased a power tool and a portable air conditioner from Defendant. *Id.* ¶ 8. Each of those products was subject to warranty by their manufacturers. *Id.* In the course of Plaintiff's purchase of those products, Defendant did not make the products' warranties available to plaintiff, or alert Plaintiff to the option of reviewing the products' warranties, prior to the point of sale in a manner compliant with Magnuson-Moss's Pre-Sale Availability Rule. *Id.*

Plaintiff is similarly situated to other consumers who have purchased products from Defendant without Defendant making their warranties available prior to sale. Compl. ¶ 40. Defendant's failure is uniform across Class Members, *id.* ¶¶ 40, 44, and is therefore unlawful as to all.

## ARGUMENT

Class certification is governed by Illinois Code of Civil Procedure Section 2-801. Under that rule, a certifying Court must find:

FILED DATE: 7/18/2022 3:02 PM    2022CH06896

FILED DATE: 7/18/2022 3:02 PM    2022CH06896

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As detailed below, the proposed Class passes the test.

**A.    The Class is sufficiently numerous.**

A class is "so numerous that joinder of all members is impracticable," *id.* if "such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (Ill. App. Ct. 1991).

Here, Defendant's failure to provide warranties is uniform across its locations, and the Class likely numbers in the thousands as a result. Compl. ¶ 43. Thus, the Court has "an ample basis" to find that "joinder of all members is impracticable." *Carrao v. Health Care Serv. Corp.*, 118 Ill. App. 3d 417, 427 (Ill. App. Ct. 1983); *Maxwell v. Arrow Fin. Servs.*, No. 03-cv-1995, 2004 WL 719278, at *2 (N.D. Ill. Mar. 31, 2004) ("The court is permitted to make common sense assumptions that support a finding of numerosity.").

**B.    Common issues predominate.**

Common questions must "predominate over any questions affecting only individual [class] members." 735 ILCS 5/2-801(2). Common questions exist when the members are aggrieved by similar misconduct. *Miner v. Gillette Co.*, 87 Ill. 2d 7, 19 (Ill. 1981). They

FILED DATE: 7/18/2022 3:02 PM    2022CH06896

predominate when they "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (cleaned up).

Here, Magnuson-Moss requires retailers to make warranties for products costing $15 or more available to customers prior to sale. 15 U.S.C. §§ 2301–2312; 16 C.F.R. §§ 700.1, *et seq.* Given that Defendant's warranty practices apply store-wide, Plaintiff's claims naturally raise common questions: Did Defendant sell products costing more than $15 and accompanied by warranties? Did Defendant make the warranties available to Plaintiff and the Class members prior to sale? Did Defendant's failure to do so violate Magnuson-Moss and entitle the Class to relief? *See* Compl. ¶ 45.

Defendant's uniform conduct dictates common answers to those questions. Plaintiff and the Class members purchased products accompanied by warranties. *Id.* ¶ 40. And Plaintiff and the Class members have been injured, in that Defendant failed to make the warranties available prior to sale. *Id.* ¶¶ 27–28. Common issues therefore predominate as required.

**C.    Plaintiff is an adequate representative.**

To ensure "that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim," *Purcell and Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069 1078 (Ill. Ct. App. 1988), a movant must show that they and their counsel "will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3).

Here, Plaintiff has retained counsel experienced in consumer class actions. Compl. ¶ 47. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Class's behalf, and have the resources to do so. *Id.* Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Class. *Id.* Plaintiff will therefore adequately represent the Class.

**D.      Class proceedings are appropriate.**

Finally, to show class proceedings appropriate for resolving the case, 735 ILCS 5/2-801(4), Plaintiff must show that a class action "(1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App.3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Id.* at 204.

Here, class litigation would serve the ends of equity and justice by deciding the dispositive issues in one fell swoop, leading to either total and final vindication for Defendant, or to practice changes if Plaintiff's claims succeed. Sealing the deal is the fact that expense and burden of pursuing individual claims would dwarf the value of the injunctive relief available. Compl. ¶ 46. Thus, the "class action is the only practical means for class members to receive redress." *Gordon*, 224 Ill. App. 3d at 204 (quotation omitted).

**CONCLUSION**

As detailed above, this case is appropriate for class certification. Discovery will prove as much. Accordingly, Plaintiff moves the Court to: (1) enter and reserve ruling on this motion; (2) allow for discovery on class-certification issues; (3) grant Plaintiff leave to file an amended supporting memorandum upon completion of class discovery; (4) certify the class after full briefing; and (5) provide all other and further relief that is equitable and just.

Dated: July 18, 2022                                **ZACHARY CORN**, individually and on
                                                     behalf of all others similarly situated,

                                                     s/ J. Dominick Larry
                                                           Plaintiff's counsel

FILED DATE: 7/18/2022 3:02 PM   2022CH06896

FILED DATE: 7/18/2022 3:02 PM    2022CH06896

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 773.694.4691
nick@nicklarry.law
Firm ID: 64846

*Attorney for Plaintiff and the Class*

6

Hearing Date: 7/25/2022 10:00 AM - 10:05 AM
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
7/20/2022 4:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH06896
Calendar, 1
18756929

FILED DATE: 7/20/2022 4:49 PM   2022CH06896

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ZACHARY CORN, individually and on
behalf of all others similarly situated,

     *Plaintiff,*

        v.

THE HOME DEPOT, INC.,

     *Defendant.*

Case No. 2022CH06896

Calendar 1

Hon. Thaddeus L. Wilson

Courtroom 2307

## PLAINTIFF'S MOTION TO SUBSTITUTE JUDGE AS OF RIGHT

Plaintiff Zachary Corn, by and through his undersigned attorney, pursuant to Section 2-1001(a)(2) of the Illinois Code of Civil Procedure, respectfully moves this Court for substitution of judge as of right. In support, Plaintiff states as follows:

1.    Section 2-1001(a)(2) of the Illinois Code of Civil Procedure provides that a motion for substitution of judge as of right "shall be granted if it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, or if it is presented by consent of the parties."

2.    This is Plaintiff's first motion for substitution of judge in this case.

3.    This case was filed on July 15, 2022. Accordingly, this Motion is being presented before trial, and before any ruling by the Hon. Thaddeus L. Wilson, the judge to whom it is presented, on any substantial issue in the case. The motion is therefore timely, and Plaintiff is entitled to a substitution of judge as of right. *See* Ill. Code. Civ. P. 2-1001(a)(2).

4.    As of the filing of this motion, no defendant has appeared, and there is therefore no opposition to the motion.

WHEREFORE, Plaintiff respectfully requests that this motion be granted and that this case be reassigned to another judge in the Circuit Court of Cook County, Chancery Division.

Dated: July 20, 2022

**ZACHARY CORN,** individually and on behalf of all others similarly situated,

s/ J. Dominick Larry
          Plaintiff's Counsel

J. Dominick Larry
NICK LARRY LAW LLC
1720 W. Division St.
Chicago, IL 60622
T: 773.694.4669
F: 774.694.4691
nick@nicklarry.law
Firm ID: 64846

*Plaintiff's Counsel*